1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 ARCHIE CRANFORD, | ) Case No.: 1:13-cv-00906- JLT (PC) |
| 12 Plaintiff, | ) ORDER OF DISMISSAL WITH LEAVE TO |
| 13 v. | ) AMEND |
| 14 SAMANTHA PERRYMAN, et al. | ) (Doc. 1) |
| 15 Defendants. | ) |
| 16 | ) |

17    Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding *pro se* with a civil rights

18 action pursuant to 42 U.S.C. § 1983.  He is presently housed at Coalinga State Hospital ("CSH").

19 (Doc. 1 at 7).  Plaintiff initiated this matter June 14, 2013. (Doc. 1).  The Court now screens the

20 complaint pursuant to 28 U.S.C. § 1915A.   For the reasons set forth below, the Court **DISMISSES**

21 the complaint with leave to amend.

22 **I.    SCREENING REQUIREMENT**

23    As Plaintiff seeks redress from governmental employees, the Court is required to screen his

24 complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b).  The Court shall

25 "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or

26 fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

27 who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

28 ///

1

## II.     PLEADING STANDARDS

### A.   Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B.  42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## III.   COMPLAINT[1]

In his complaint, Plaintiff names Charlotte Havder and Samantha Perryman, the PT Unit Supervisor at Coalinga State Hospital, as Defendants in this matter. (Doc. 1 at 4).  On May 20, 2013, Plaintiff claims Defendants used their "authority and position (sic) of power" to assign Plaintiff to CSH Unit 1. Id.  Plaintiff asserts that working in Unit 1 at the time was a person Plaintiff had sued in the past.[2]  Thus, Plaintiff contends Defendants were put on notice that this "prior defendant" posed a danger to Plaintiff. Id.  Consequently, on May 20, 2013, at 3:20 p.m., the "prior defendant" struck Plaintiff in the face several times with a broom. (Doc. 2 at 4).  Plaintiff claims a large lump formed on Plaintiff's head as a result. Id.

Plaintiff attaches a report to his complaint a report from the Special Investigator, Orasio Romero.  (Doc. 1 at 5-6)  In the report, Mr. Romero notes that Plaintiff would not identify the person he claimed hit him and when asked about the incident, Plaintiff denied that he wanted a law enforcement report made.  Id. at 6. When Mr. Romero told Plaintiff that a law enforcement report must be made given the allegations, Plaintiff reported that if he was asked about the incident, he would deny it occurred. Id.  Mr. Romero noted also that though Plaintiff asserted he suffered a bump on his head as a result of the attack, the medical report from the date of the incident and two days later did not reflect a lump or bleeding.  Id.[3]

Plaintiff seeks "$1295 billion" in punitive, "consitive damages" and "1295 95 same/reglur

---

[1] As a preliminary matter, Plaintiff *again* misrepresents the number of prior lawsuits he has brought before this Court as a civil detainee. (Doc. 1 at 1-2).  As recently as September 7, 2012, the Court sanctioned Plaintiff pursuant to Fed. R. Civ. P. 11(b)(3) for "falsely [stating] in his complaint that he has only had one (1) previous or pending lawsuit in addition to the instant case." Cranford v. Ahlin, et al., 1:11-cv-01199-GBC, Doc. 6 at 7-9, Sept. 7, 2012.  The Court noted that Plaintiff had filed over 13 lawsuits with the Court as a civil detainee and had been filing frivolous claims since the 1990s. Id. at 8 n. 1.  Here, Plaintiff avers that he has only filed seven matters with the Court.  While the Court is again inclined to impose Fed. R. Civ. P. 11 sanctions, it declines to do so at this early juncture.

[2] Given the number of matters Plaintiff has filed with the Court over the past two decades, the Court cannot begin to guess which "prior defendant" posed a threat to him.

[3] The Court observes, contrary to the report he received a "bump" and contrary to the medical report which reflects no injury, Plaintiff alleges the attack caused "brakeing the skin and causeing a large lump to form on the plaintiffs for head." (Doc. 1 at 4)

1  damages." Id.

2  **IV.     DISCUSSION AND ANALYSIS**

3        **A.  Fourteenth Amendment Due Process Claim – Failure to Protect**

4        Plaintiff alleges that Defendants were aware of the danger the "prior defendant" posed in Unit

5  1, but failed to protect him against the harm alleged.  Under the Eighth Amendment, "prison officials

6  have a duty . . . to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan,

7  511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.

8  1988)).  To establish a violation of this duty, a prisoner must demonstrate that prison officials were

9  "deliberately indifferent to a serious threat to the inmate's safety."  Farmer, 511 U.S. at 834.  This

10  requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must

11  demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious."  Id. at 834

12  (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)).  Second, the prisoner must demonstrate that

13  prison officials acted with a sufficiently culpable state of mind.  Prison officials must have known of

14  and disregarded an excessive risk to the prisoner's safety.  Id. at 837.

15        As a civil detainee, persuasive Ninth Circuit authority indicates that Plaintiff is entitled to

16  protection under the Fourteenth Amendment, rather than the Eighth Amendment.  Fisher v. Bryant,

17  2:10-CV-2311-KJM-DAD, 2012 WL 3276968 (E.D. Cal. Aug. 9, 2012) (Applying the Fourteenth

18  Amendment due process standard to a claim of the excessive force brought by a civil detainee, rather

19  than the standard set forth under the Eighth Amendment).  The Ninth Circuit has recognized that the

20  aforementioned Eighth Amendment rights guaranteed for prisoners "set a floor for those that must be

21  afforded to" civil detainees. Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007) *summarily reversed

22  on other grounds by* Hunter v. Hydrick, 129 S.Ct. 2431 (2009).  The objectively reasonable standard

23  set forth by the Fourteenth Amendment, rather than the "malicious and sadistic" standard of the Eighth

24  Amendment, Fisher v. Bryant, Case No. 2:10-CV-2311-KJM-DAD, 2012 WL 3276968 * 9 (E.D. Cal.

25  2012), applies to Plaintiff's present claim.

26        Here, a custodial officer who uses a broom to hit a detainee across the head, under the facts

27  alleged here, signifies an objective use of excessive force.  However, while Plaintiff indicates that he

28  told Defendants of a generalized risk of violence, he fails to indicate that they were aware of the

specific risk the "prior defendant" presented.  Given that Plaintiff fails to even reveal the name of the "prior defendant" in his complaint, the Court presumes that he did not provide this information to the Defendants. (Doc. 1 at 4-5).  As such, the Court cannot determine that Plaintiff was deprived of his Fourteenth Amendment Due Process rights by these Defendants.[4]  Therefore, the Complaint is **DISMISSED**.

## V.    LEAVE TO AMEND

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **<u>Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.</u>**

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## ORDER

Accordingly, and for the foregoing reasons, the Court **HEREBY ORDERS** that:

1.  The complaint (Doc. 1) be **DISMISSED;**

2.  Plaintiff is **GRANTED <u>21 days</u>** from the date of service of this Order, to file a first

---

[4] The exhibit entitled "Allegation of Abuse/Neglect Report" indicates that the "prior defendant" told Plaintiff to drop his court case when she hit him in the face with the broom. (Doc. 1 at 5-6).  Such an allegation is akin to a First Amendment claim of retaliation.  However, Plaintiff fails to state facts that the defendants named here had any role in this act.

amended complaint that addresses the deficiencies set forth in this order. The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3.   The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4.   **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **July 3, 2013**                      ____ **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE